■ In the Matter of CITY OF ALBANY, Appellant, v HAROLD R. NEWMAN et al., Constituting the Public Employment Relations Board, et al., Respondents.—Mahoney, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered February 13, 1991 in Albany County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Employment Relations Board dismissing petitioner's exceptions as untimely.

Respondent Albany Police Officers Union, Local 2801, Council 82, AFSCME, AFL-CIO (hereinafter the Union) successfully filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB) against petitioner. Following receipt of the decision by the Administrative Law Judge (hereinafter ALJ), petitioner timely requested an extension of time to file objections pursuant to 4 NYCRR 204.12 which request was granted by PERB. Pursuant to PERB's decision "[e]xceptions [would] be deemed timely filed if postmarked on or before [Friday] May 4, 1990". It was also expressly noted that "no further extensions of time to file exceptions will be granted except upon the consent of the parties". Petitioner filed exceptions with PERB and served the same on the Union, which were received in an envelope postmarked "May 7, 1990 PM". PERB did not receive proof of service of petitioner's exceptions on the Union as required by 4 NYCRR 204.10 (a).

The Union thereafter moved for dismissal of the exceptions on the ground that they were not timely served and filed. PERB granted the requested relief, noting that the failure to timely file and serve the exceptions, failure to include proof of timely service upon opposing counsel and failure to establish

the existence of extraordinary circumstances warranting waiver of the applicable rules entitled the Union to dismissal of the exceptions. As a consequence of the dismissal, petitioner commenced this CPLR article 78 proceeding challenging PERB's determination on the ground that it was arbitrary and capricious, and, further, seeking to order PERB to accept for filing petitioner's exceptions. PERB answered and counterclaimed to dismiss the petition and to confirm and enforce the ALJ's decision.

Supreme Court held that PERB's determination "was neither irrational, unreasonable nor otherwise affected by error of law"; accordingly, the court dismissed the petition, confirmed PERB's decision dismissing the exceptions, thereby confirming the ALJ's decision, and directed petitioner to comply with all the terms of the ALJ's decision. This appeal by petitioner ensued.

We affirm. Initially, it cannot be doubted and petitioner does not contend that PERB's interpretation of 4 NYCRR 204.10 (a) and 204.12, as necessitating dismissal of exceptions not filed by the stated date for which no extraordinary circumstances are presented to justify the untimeliness, is rational.* Petitioner's quarrel on appeal is that this interpretation is *selectively applied* only when the opposing party renders a formal timeliness objection. According to petitioner, to the extent that no objection is made, untimely exceptions are routinely accepted without the necessity of demonstrating extraordinary circumstances. A review of the record indicates that this issue was not raised in the motion papers before Supreme Court and thus is not properly before this court on appeal. In any event we doubt that even if true such would render PERB's interpretation irrational. Nor is there any merit to petitioner's contention, again apparently raised for the first time on appeal, that PERB's interpretation of 4 NYCRR 204.10 (a) violates the principles of administrative stare decisis. A review of PERB decisions makes clear its

---

* 4 NYCRR 204.10 (a) provides, in pertinent part, "Within 15 working days after receipt of the decision and recommended order, a party may file with [PERB] * * * a statement in writing setting forth exceptions thereto * * *; at the same time, copies of such exceptions and briefs shall be served upon all other parties and proof of such service shall be filed with [PERB]."

4 NYCRR 204.12 provides, in pertinent part, "A request for extension of time within which to file exceptions and briefs shall be in writing, and filed with [PERB] at least three working days before the expiration of the required time for filing, provided that [PERB] may extend the time during which to request an extension of time because of extraordinary circumstances."

history of dismissing exceptions as untimely in the absence of countervailing circumstances.

We likewise believe that PERB properly concluded that the exceptions were untimely and did not abuse its discretion in failing to excuse petitioner's delay. With regard to the former argument, petitioner attempts to fit this situation within the ambit of General Construction Law § 20 which operates to extend the final day for performing an act until the next business day when the final day falls on a Saturday, Sunday or holiday. According to petitioner, since the exceptions at issue herein were postmarked on May 7, 1990, the next business day following the May 4, 1990 deadline, they are timely. However, because on its face General Construction Law § 20 applies only when the last day for performance of an act falls on a Saturday, Sunday or holiday and because the last day to perform the instant act was on a Friday, this argument lacks merit. Nor in our view was PERB's action in failing to excuse the admittedly de minimis delay irrational. In its affirmation, petitioner's attorney merely states *how* the untimely filing occurred, i.e., the exceptions were forwarded from petitioner's counsel's office to its mailroom for mailing on May 4, 1990 but counsel learned on Saturday, May 5, 1990 that the material had been returned to his office from the mailroom unmailed, causing him to place the material in a U.S. Postal Service mailbox on May 6, 1990. Conspicuously absent is any explanation as to *why* the material was not delivered or mailed on May 4, 1990. Petitioner has offered no affidavits of anyone with first-hand knowledge to explain this unusual occurrence or any other evidence to substantiate this claim. Under the circumstances, PERB's conclusion that petitioner's excuse, i.e., that the mailroom for some unknown reason returned the materials to counsel's office instead of mailing them out, did not rise to the level of exceptional circumstances warranting waiver cannot be said to be irrational or an abuse of discretion.

Levine, J. P., Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.