■ In the Matter of SMITH CORONA CORPORATION, Appellant, v VILLAGE OF GROTON et al., Respondents. [632 NYS2d 891] —White, J. Appeal from a judgment of the Supreme Court (Rumsey, J.), entered May 25, 1994 in Tompkins County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to·state a cause of action.

The facts gleaned from the petition in this CPLR article 78 proceeding are that the State Department of Environmental Conservation (hereinafter DEC) determined that the site of petitioner's former manufacturing plant located in the Village of Groton, Tompkins County, was a hazardous waste disposal site. Various studies were then undertaken, which resulted in DEC's selection of a remedial action plan to clean up the site. One feature of this plan was that treated groundwater from the site would be disposed of by discharging it to respondent Village of Groton's Wastewater Treatment Plant (hereinafter the Plant). On March 26, 1993, petitioner entered into a consent order with DEC whereby it agreed to prepare and construct a "remedial design" to implement the remedial action plan.

Petitioner's representative contacted Frank Satterly, the Village's Director of Public Works and Utilities, regarding the discharge of the groundwater to the Plant. By letter dated April 14, 1993, Satterly informed petitioner that "[a]fter lengthy discussions between representatives of the DEC, our Village Engineer, Richard Armstrong, Wasterwater Operator Alan Morehouse and myself, we have agreed to permit the disposal of such ground water" provided that petitioner agreed to six enumerated conditions. Upon receipt of this letter, petitioner entered into negotiations with the Village concerning a long-term discharge agreement. During the course of

these negotiations, an agreement limited strictly to the discharge of 30,000 gallons of groundwater to the Plant was approved by the Village's attorney and respondent H. Belden Marlette, the Village Mayor and member of respondent Village Board of Trustees (hereinafter the Board). Given the fact that the groundwater was discharged apparently without adverse effect, petitioner continued negotiations with the Village on an agreement to cover long-term discharge of groundwater from the site.

An agreement was never finalized because on August 16, 1993, the Board passed a resolution declaring that the Village "will not accept any discharge from [petitioner's] hazardous waste site into the municipal sewer system from this date forward". The Board reaffirmed this resolution on October 4, 1993 following petitioner's presentation of technical and factual data relating to the proposed discharge of the groundwater.

Petitioner then commenced this proceeding seeking a judgment annulling the August 16, 1993 resolution and directing the Board to grant its request for permission to discharge the groundwater to the Plant. Following service of their answer, respondents moved to dismiss the petition, arguing, *inter alia*, that it was premature due to petitioner's failure to make an application to the Board for permission to discharge the groundwater to the Plant (*see,* Village of Groton Sewer Code § 165-59). Supreme Court dismissed the petition, finding that it failed to state a cause of action because petitioner never filed an application for the proposed discharge. Instead, Supreme Court found that the petition "indisputably chronicles" the parties' efforts to negotiate a contract, which the court aptly noted is a matter outside the purview of a CPLR article 78 proceeding. Petitioner appeals.

Petitioner contends that, contrary to Supreme Court's findings, the record shows that it sought permission from the Board to discharge the groundwater to the Plant as required by the Village Code. It points to Satterly's April 14, 1993 letter as evidence that the Board issued it a conditional permit to discharge the groundwater to the Plant, and proceeds to argue that the challenged resolution represents an administrative action since it effectively revoked this conditional permit. Thus, according to petitioner, the petition sets forth a valid cause of action.

Petitioner's arguments fail for two reasons. First, they are not properly before us since a search of the record discloses that they were not raised before Supreme Court (*see, Matter of*

*City of Albany v Newman*, 181 AD2d 953, 954; *Matter of Crawford v Kelly*, 124 AD2d 1018). Second, the allegations of the petition belie petitioner's present claims that it was not attempting to negotiate a contract with the Village. For example, the petition sets forth: "[u]pon receipt of [the April 14, 1993 letter] * * * Satterly, [petitioner] commenced negotiations with the Village on an agreement"; "[w]hile negotiation of this discharge agreement continued"; "while negotiations on the long-term groundwater discharge agreement continued with the Village"; "[g]iven the successful discharge of [the] 30,000 gallon quantity of treated Site groundwater * * * [petitioner] continued negotiations with the Village Attorneys * * * regarding the long-term groundwater discharge agreement"; and petitioner "based on the progress which had been made * * * in the negotiation and drafting of a proposed discharge agreement, had fully anticipated that a final discharge agreement was forthcoming". Moreover, the petition does not allege or imply that Satterly's April 14, 1993 letter constituted a conditional permit or that the challenged resolution revoked such permit.

Aside from the petition's insufficiency, petitioner selected the wrong form of action since the relief sought, the annulment of a legislative act, is not properly sought in a CPLR article 78 proceeding (*see, Matter of Seymour v County of Saratoga*, 190 AD2d 276, 278). We have elected not to exercise our discretion under CPLR 103 (c) to convert this proceeding to a declaratory judgment action and reinstate the petition because we do not view the issues herein to be final since petitioner is not precluded from filing an application with the Board for a permit. Moreover, petitioner was not significantly harmed by the Board's action since its representatives admitted there were alternatives to the proposed discharge plan which would not entail significant additional expense (*see, Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 520, *cert denied* 479 US 985).

We have examined petitioner's remaining arguments and find them either not to have been raised before Supreme Court or unpersuasive. For these reasons, we affirm Supreme Court's judgment.

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.